UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONI ANNETTE WHITE,

    Plaintiff,

v.

    Case No. 10-14365

    Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 27, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Toni White ("Plaintiff") applied for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits on November 14, 2007, alleging that she became disabled on September 1, 2004. The Social Security Administration denied her claim at the initial administrative stages. At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Henry Perez, Jr. on December 9, 2009. In a decision dated March 24, 2010, the ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on October 21, 2010. Thus, the ALJ's decision became the final decision of Defendant Commissioner of Social Security ("Commissioner"). On November 1, 2010, Plaintiff filed this action, seeking judicial

review of the Commissioner's decision.

Plaintiff and the Commissioner have each filed a motion for summary judgment. The Court has referred both motions to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). On July 19, 2011, Magistrate Judge Binder issued a Report and Recommendation ("R&R") in which he concludes that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Magistrate Judge Binder recommends that this Court deny Plaintiff's motion and grant the Commissioner's motion. At the conclusion of the R&R, Magistrate Judge Binder advises the parties that they may object and seek review of the R&R within fourteen days of service upon them. R&R 17. Plaintiff filed objections to the R&R on August 2, 2011, and the Commissioner responded to Plaintiff's objections on August 16, 2011.

## I. Standard of Review

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . ..

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to

reversal merely because substantial evidence exists in the record to support a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Thomas*, 131 F. Supp. 2d at 944.

## II. Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in

     substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3]  *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1520(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5]  *Id.*

As stated in the R&R, Magistrate Judge Binder found substantial evidence in the record to support the ALJ's determination at each step.  Plaintiff has filed objections to the R&R.

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 1, 2004.  A.R. at 11.

[2] The ALJ concluded that Plaintiff has the following severe impairment: bipolar disorder - manic depression.  A.R. at 11.

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  A.R. at 11-12.

[4] The ALJ found that Plaintiff had the residual functional capacity to perform simple job assignments at routine production and stress levels.  A.R. at 12.

[5] The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform.  A.R. at 16.  The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act.  A.R. at 17.

Plaintiff objects to Magistrate Judge Binder's analysis of the ALJ's determination of Plaintiff's credibility.  The ALJ found that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not entirely credible.  In her motion for summary judgment, Plaintiff argued that the ALJ improperly based this finding on the lack of objective evidence corroborating Plaintiff's testimony.  Magistrate Judge Binder disagreed, concluding that the ALJ properly considered several factors in addition to the lack of objective evidence, including the treatment Plaintiff received for her symptoms, the effectiveness and side effects of medication taken by Plaintiff to alleviate her symptoms, and Plaintiff's reported range of daily activities.  R&R 13-14.

Social Security Ruling ("SSR") 96-7p governs the credibility assessment of a claimant's statements regarding pain or other symptoms.  "An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."  SSR 96-7p.  When assessing the credibility of such statements, the ALJ should also consider:

1.  The claimant's daily activities;

2.  The location, duration, frequency, and intensity of the claimant's pain or other symptoms;

3.  Factors that precipitate and aggravate the symptoms;

4.  The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5.  Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p.  The ALJ noted the lack of objective evidence corroborating Plaintiff's testimony, but his credibility determination went further, considering several of the factors identified in SSR 96-7p.  The ALJ considered the treatment Plaintiff had been receiving, finding that it was inconsistent with the treatment generally expected for a totally disabled person.  A.R. at 14.  The ALJ also considered the "routine and/or conservative" nature of Plaintiff's treatment through medication, noting that this was effective in controlling her symptoms.  A.R. at 15.  Finally, the ALJ considered the range of Plaintiff's reported daily activities, which included preparing meals, cleaning the house, doing laundry, driving, shopping, paying bills, watching television, going to church, and going for short walks.  A.R. at 15.  The ALJ determined that Plaintiff's activities were not as limited as would be expected, given her complaints of disabling symptoms.  A.R. at 15.  Because the ALJ's assessment of Plaintiff's credibility was not based solely on the lack of objective evidence corroborating her statements, the Court rejects Plaintiff's objection.

Plaintiff next objects to Magistrate Judge Binder's analysis of the ALJ's failure to consider Plaintiff's Global Assessment of Functioning ("GAF") score.  Plaintiff contends that her GAF score must be considered because it indicates a consistent pattern of impairment.  The Court disagrees.  The Sixth Circuit has stated, "we are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place."  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 511 (6th Cir.

2006); *see also Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) (ALJ's failure to reference GAF score did not make the assessment of residual functional capacity inaccurate). Plaintiff cites *Oliver v. Commissioner of Social Security*, 415 Fed. App'x 681 (6th Cir. 2011), but her reliance on this decision is mistaken. In *Oliver*, the court stated: "A GAF score is thus not dispositive of anything in and of itself, but rather only significant to the extent that it elucidates an individual's underlying mental issues." *Id.* at 684. The ALJ considered a variety of evidence in assessing Plaintiff's mental impairment, and *Oliver* does not require him to use the GAF score. The Court concludes that substantial evidence supported the ALJ's decision in this respect.

Plaintiff objects to Magistrate Judge Binder's conclusion that the ALJ properly evaluated the medical evidence in this case. Magistrate Judge Binder noted the lack of treating or examining-physician opinions supporting a finding that Plaintiff suffers from a disabling mental impairment. R&R 16. Magistrate Judge Binder also concluded that substantial evidence supported the Commissioner's finding that Plaintiff was not disabled, as the opinions of examining medical sources indicated that Plaintiff maintained the capacity to perform simple tasks under supervision. R&R 16-17. Plaintiff argues that neither Magistrate Judge Binder nor the ALJ cited a *treating* source supporting the conclusion that Plaintiff is not disabled. The Court is unaware of any authority requiring the ALJ to support his conclusion with a treating source opinion, and Plaintiff has failed to point to any such authority.[6] As Magistrate Judge Binder noted, the examining and non-

---

[6] Plaintiff cites *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 243 (6th Cir. 2007), for the proposition that the ALJ must identify his reasons for discounting a

7

treating physicians' opinions supported the ALJ's residual functional capacity assessment, and there were no treating source opinions contradicting this assessment. The Court therefore concludes that the ALJ's decision was supported by substantial evidence.

Plaintiff questions the evidence upon which the ALJ made his finding that Plaintiff does not suffer a disabling impairment. Plaintiff points to the report of Dr. Atul Shah, a consultative psychiatrist, diagnosing chronic bipolar disorder and noting that Plaintiff suffered from certain deficiencies and symptoms even while on medication. Dr. Shah's observations, however, do not mandate the conclusion that Plaintiff is disabled. Once an impairment is established, the ALJ must evaluate the intensity and persistence of the claimant's symptoms to determine how those symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c). The ALJ noted Plaintiff's deficiencies, but considering her range of daily activities and the conservative nature of her treatment, concluded that these deficiencies were not so limiting as to be inconsistent with his residual functional capacity assessment. A.R. at 14. These factors are properly considered under SSR 96-7p. The Court therefore concludes that substantial evidence supported the ALJ's determination of Plaintiff's functional capacity.

### III. Conclusion

Plaintiff's objections to Magistrate Judge Binder's R&R lack merit. The Court

---

medical opinion. The ALJ discounted the opinions of non-examining physicians indicating that Plaintiff was not disabled, but clearly stated this was due to the general rule that non-examining physicians' opinions are not entitled to the same weight as those of treating or examining physicians. A.R. at 15. It does not appear that the ALJ discounted any other medical opinions.

concurs with Magistrate Judge Binder's determination that the Commissioner's decision to deny Plaintiff's application for benefits was supported by substantial evidence.

Accordingly,

**IT IS ORDERED** that the Court adopts Magistrate Judge Binder's Report and Recommendation to **AFFIRM** the decision of the Commissioner;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **DENIED** and the Commissioner's motion for summary judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Norton J. Cohen, Esq.
Andrew J. Lievense, A.U.S.A.